IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**AZTEC RESTAURANT CORPORATION**

and

**CARMEN RESTAURANT CORPORATION**

                Plaintiffs,

     vs.

**UNITED STATES OF AMERICA**

                Defendant.

CIVIL NO: 25-1857 T

## COMPLAINT

Aztec Restaurant Corporation ("Aztec" or "Plaintiff Aztec") and Carmen Restaurant Corporation ("Carmen" or "Plaintiff Carmen") (hereinafter collectively referred as the "Plaintiffs"), by and through its undersigned counsel file this Complaint against Defendant, United States of America ("Defendant" or "United States") pursuant to 26 U.S.C. § 7422. Plaintiffs files this civil action for a federal tax refund of $64,059.78 claimed for refund against Plaintiff Aztec's payroll tax return for quarterly tax period ending September 30, 2021 (the 3rd quarter of 2021)

that was duly and timely claimed and filed with the Defendant's nonparty agency, the Internal Revenue Service (the "IRS" or the "Service") on or before January 9, 2024 *attached hereto* as **Exhibit A**, yet remain unchallenged and unpaid to Plaintiff Aztec by the Defendant or the Service.

## I. JURISDICTION AND PARTIES

1. Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1491 & 1346(a)(1), as this is a civil action for a federal tax refund brought against the United States pursuant to 26 U.S.C. §§ 7422 & 6532.

2. Plaintiff Aztec is a profit corporation formed under the laws of the State of Florida, and whose address is 91 East Prospect Road, Fort Lauderdale, Florida 33334. Plaintiff Aztec's taxpayer employer identification number is ▇▇▇▇▇▇▇.

3. Plaintiff Carmen is a profit corporation formed under the laws of the State of Florida, and whose address is 91 East Prospect Road, Fort Lauderdale, Florida 33334. Plaintiff Carmen's taxpayer employer identification number is ▇▇▇▇▇▇▇.

4. Aztec and Carmen are companies who operate within a restaurant enterprise in southern Florida.

5. Defendant is the United States of America.

6. Defendant's nonparty agency, the Internal Revenue Service (the "IRS" or the "Service"), has factual relevance to this action and is referenced throughout this Complaint, as appropriate.

## II.  NATURE OF THE FEDERAL TAX ISSUE AND ACTION

### A.  Federal Employment Taxes

7. Pursuant to federal law, employers are required to withhold certain federal income taxes and taxes from the Federal Insurance Contributions Act ("FICA Payroll Taxes") from their employee's wages and other compensation.

8. Pursuant to 26 U.S.C. §§ 3102, 3111, 3301, and 3402, employers are also required to pay their own portion of FICA Payroll Taxes and taxes from the Federal Unemployment Taxes and Federal Unemployment Tax Act ("FUTA Taxes"), and FICA Payroll Taxes and FUTA Taxes are collectively commonly referred to as "employment taxes" or "payroll taxes".

9. Pursuant to 26 U.S.C. §§ 6302 and 6157, as well as 26 C.F.R. §§ 31.6302-1, 31.6302(c)-1, and 31.6302(c)-3, employers are required to periodically deposit employment tax payments in certain prescribed federal deposit banks.

10. Pursuant to 26 U.S.C. § 6011, as well as 26 C.F.R. § 31.6071(a)-1, employers are further required to file quarterly payroll tax returns ("IRS Form 941" or "Form 941") and annual returns for their FUTA Taxes.

## B. The COVID-19 Pandemic-Related "CARES" Act Employee Retention Credit ("ERC")

11. At the outset of the global COVID-19 pandemic, the United States enacted the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") on March 27, 2020, which provided numerous federal government programs and funding in response to the economic challenges faced by the American people, businesses, and taxpayers.[1]

12. Amongst the CARES Act provisions, section 2301 provided for a new Employee Retention Credit ("ERC" or "ERTC"), which is a "refundable" tax credit applied against the employer-portion of businesses employment taxes for the period from March 12 through December 31, 2020.[2] Section 2301 of the CARES Act was later amended by the Taxpayer Certainty and Disaster Relief Act of 2020 (the "Relief Act") to extend ERC into the first two quarters of 2021.[3] The American Rescue Plan Act of 2021 ("ARPA" or "ARPA 2021") further extended ERC through the end of 2021.[4] The Infrastructure Investment and Jobs Act ("IIJA") later removed eligibility

---

[1] *See* The Coronavirus Aid, Relief and Economic Security Act (CARES Act), Pub. L. No 116-136, 134 Stat. 281 (2020).
[2] *See id.*
[3] *See* The Taxpayer Certainty and Disaster Relief Act of 2020, Pub. L. 116-260, Div. EE (2020).
[4] *See* The American Rescue Plan Act of 2021, Pub. L. 117-2, 135 Stat. 4 (March 11, 2021).

for most employers in the fourth quarter of 2021.[5]  The ERC credit was ultimately codified as 26 U.S.C. § 3134, where Title 26 is the "Internal Revenue Code."

13. Pursuant to 26 U.S.C § 3134(c)(2)(A)(ii), ERC provides a few different avenues of qualification, and all aimed at both incentivizing and rewarding businesses maintaining employment during the COVID-19 pandemic in 2020 and 2021. Specifically:

    a. Certain businesses meeting certain defined business disruption criteria by quarter were equally eligible for the same per employee refundable ERC tax credit by quarter,

    b. Businesses who demonstrated certain quantitatively defined gross receipt drops by quarter, as compared to pre-pandemic periods, were eligible for a per employee per quarter refundable ERC tax credit, or

    c. Certain businesses defined as "recovery startup businesses."

C. **ERC Qualification – Significant Reduction in Gross Receipts Qualification**

14. For the January 1 through September 30, 2021 time periods and pursuant to section 2301 of the CARES Act, as amended by section 207 of the Relief Act and section 9651 of ARPA 2021 and IIJA, employers are eligible for the ERC tax credit in quarters where gross receipts are less than 80 percent of the same quarter

---

[5] *See* Infrastructure Investment and Jobs Act, Pub. L. 117-58, 135 Stat. 429 (Nov. 15, 2021).

in 2019, and furthermore, the employers are permitted to use the preceding calendar year quarter when comparing to the same 2019 quarter in making these determinations.

### D.  ERC – Single Aggregated Employer Rule

15. Pursuant to section 2301(d) of the CARES Act, as amended by section 207(a)(1) of the Relief Act, additionally amended by ARPA and IIJA, and finally codified in 26 U.S.C. § 3134(d), "[a]ll persons treated as a single employer under subsection (a) or (b) of section 52 of the Internal Revenue Code of 1986, or subsection (m) or (o) of section 414 of such Code, shall be treated as one employer for purposes of this section."

16. Pursuant to 26 U.S.C. § 52(a), a "controlled group of corporations" treated as the same employer further incorporates 26 U.S.C. § 1563(a) and is ultimately defined as:

   a. A "parent-subsidiary" controlled group of corporations where the "parent" entity owns more than fifty-percent (50%) of a "subsidiary," and

   b. A "brother-sister" controlled group of corporations where multiple potential sibling entities are owned by five (5) or few owners who have more than fifty-percent (50%) combined ownership least eighty-

percent (80%) of the total combined voting power of all sibling entities, and

c. Certain combinations, including those entities with overlapping fiscal periods, thereof.[6]

### E. ERC – Credit Amount Determination

17.     For the July 1 through September 30, 2021 time period (the third quarter of 2021) and pursuant to sections 2301(a) and (b)(1) of the CARES Act, as amended by sections 207(b) and (c) of the Relief Act, additionally amended by ARPA and IIJA and latter codified in 26 U.S.C. §§ 3134(a) & (b)(1)(A), eligible employers receive a tax credit against employment taxes of up to 70 percent ($10,000 per employee per calendar quarter including certain health care expenses), but no more than $7,000 per quarter per employee for each eligible 2021 quarter.

18.     Section 2301(g) of the CARES Act, as amended by section 206(c)(2) of the Relief Act, and 26 U.S.C. § 3134(h)(2) provide that any payroll costs covered as "forgiven" by the Paycheck Protection Program (PPP) of the 2020 CARES Act are excluded "qualifying wages" for purposes of the ERC tax credits.[7]

//

//

---

[6] *See also* 26 C.F.R. § 1.1563-1
[7] *See also* The Coronavirus Aid, Relief and Economic Security Act (CARES Act), Pub. L. No 116-136, 134 Stat. 281(2020).

**F.    ERC – Refundability and Amendment for Refund Claim**

19.    Pursuant to section 2301(b), *et al*, and 26 U.S.C. § 3134(b), ERC tax credit claims are first used to offset employment taxes for the respective period, and any excess is further "refunded" to the taxpayer claimant per 26 U.S.C. §§ 6402(a) and 6413(b).

20.    Pursuant to 26 U.S.C. § 6511, taxpayers have up to three (3) years from the date of filing a tax return to amend the same return for a claim for refund or credit of taxes, and further pursuant to 26 U.S.C. § 6513(c), the date of filing for payroll tax returns are deemed filed on April 15th of the succeeding calendar year.

**G.    Submitting Amended Tax Returns and Other Tax Documents to the IRS**

21.    Pursuant to 26 U.S.C. § 7502, the "date of delivery" of any taxpayer's submission or filing of "any return, claim, statement, or other document" submitted by mail is the postmark date of the mailing.

22.    Pursuant to 26 U.S.C. § 7502(c) and 26 C.F.R. § 301.7502-1, such mailings described in statement no. 21 above that are mailed via the United States Postal Service (USPS) via "registered mail" or "certified mail" is *prima facie* evidence that such a mailing was "delivered" to the IRS on the postmark date; the postmark date being the date of registered mail registration and/or certified mail payment.

23. Further, pursuant to 26 U.S.C. § 7502(c) and 26 C.F.R. § 301.7502-1, the IRS may also identify "Private Delivery Services" ("PDS"), e.g. DHL Express, FedEx, and UPS, from time-to-time that are permitted to serve in place of USPS mailings for purposes of applying the rules of 26 U.S.C. § 7502 and 26 C.F.R. § 301.7502-1.[8]

### III.   PLAINTIFFS BACKGROUND AND FACTUAL ASSERTIONS

#### A.   Company Overview

24. Plaintiffs are restaurants in southern Florida operating within a restaurant business enterprise.

25. During the 3rd quarter of 2021, Plaintiffs Aztec and Carmen were owned by a single individual owner one-hundred percent (100%).

26. During the 3rd quarter of 2021, Plaintiffs Aztec and Carmen's ownership constituted a single employer for purposes of section 2301(d) of the CARES Act.

27. As relevant to this Complaint, Plaintiffs' quarterly gross receipts, within the meaning of the Employee Retention Credit of section 2301 of the CARES Act, as amended by section 207 of the Relief Act and ultimately codified in 26 U.S.C. 3134, are summarized in the table below:

---

[8] *See also* Private Delivery Services PDS, Internal Revenue Service, https://www.irs.gov/filing/private-delivery-services-pds.

| i. Payroll Tax Quarter End | ii. Aztec Gross Receipts | iii. Carmen Gross Receipts | iv. CARES Sec. 2301(d) Agg. GRs. |
|---|---|---|---|
| a. 6/30/2019 | 240,209.09 | 261,934.61 | 502,143.70 |
| b. 9/30/2019 | 215,258.49 | 240,138.16 | 455,396.65 |
| c. 6/30/2021 | 319,292.44 | 0.00 | 319,292.44 |
| d. 9/30/2021 | 282,174.68 | 112,242.09 | 394,416.77 |

28. Accordingly, Plaintiff Aztec's quarterly gross receipt comparisons for potential ERC qualification pursuant to section 2301 of the CARES Act, as amended by section 207 of the Relief Act and ultimately codified in 26 U.S.C. 3134, was 63.59% for the 3rd quarter of 2021 when applying the alternative quarter comparison.

29. During the 3rd quarter of 2019 and 2021, Plaintiffs had less than 500 total full-time equivalent employees collectively for its payroll tax return filings, operationally entirely based out of Florida and were subject to FICA Payroll Taxes.

**B.     Plaintiff Aztec's Pending ERC Credit Claim**

30. For the 3rd quarter of 2021, Plaintiff Aztec timely determined and executed its quarterly and annual employment tax payment and reporting; most specifically through its timely filed quarterly report via the IRS Form 941. For its

original timely filing, Plaintiff Aztec did not claim the ERC tax credit for the 3rd quarter of 2021.

31.     Subsequently, Plaintiff Aztec determined that it qualified for ERC tax credits for the 3rd quarter of 2021 pursuant to the "Significant Reduction in Gross Receipts" qualification test of section 2301(c)(2)(A)(ii)(II) of the CARES Act, as amended by section 207(d)(1)(A) of the Relief Act, and I.R.C. § 3134(c)(2)(A)(ii)(II).

32.     Further, Plaintiffs calculated Plaintiff Aztec's ERC tax credits for the 3rd quarter of 2021 as $64,059.78.

33.     On or before January 9, 2024, Plaintiffs timely filed Plaintiff Aztec's amended quarterly federal employment tax reports with Defendant's nonparty agency, the IRS, for the 3rd quarter of 2021 with a claim for refund requested pursuant to the ERC tax credit for this quarter (hereafter collectively referred to as the "Plaintiffs Aztec's Pending ERC Credit Claim" and *attached hereto* as **Exhibit A** in the amount in statement no. 32 above.

34.     Since the filings described in statement no. 33 above, Defendant or Defendant's nonparty agency, the IRS, has failed to issue a refunds to the Plaintiffs for Plaintiff Aztec's Pending ERC Credit Claim.

35. On October 30, 2024, Defendant's nonparty agency, the IRS, issued a formal notice of disallowance, via form letter 105C, for Plaintiff Aztec's Pending ERC Credit Claim. This October 30, 2024 letter is *attached hereto* as **Exhibit B.**

36. Other than the October 30, 2024 disallowance per statement no. 35 above, Defendant or Defendant's nonparty agency, the IRS, have issued no further correspondence regarding Plaintiff Aztec's Pending ERC Credit Claim.

37. Since the filings described in statement no 33 above, Defendant or Defendant's nonparty agency, the IRS, have made no claim to the Plaintiffs of any federal taxes owed by Plaintiff Aztec, regardless of nature and time period, under Title 26 of the United State Code that Plaintiff Aztec's Pending ERC Credit Claim would be appropriate to use as an offset for any such owed taxes.

### IV.   CAUSE OF ACTION

38. A taxpayer of the United States is permitted to file a delayed refund suit against the United States, pursuant to 26 U.S.C. §§ 7422 and 6532, for the recovery of taxes imposed under Title 26 of the U.S. Code in the U.S. Court of Federal Claims, provided:

   a. a claim for refund has been filed with the IRS,

   b. it has been at least six months from the date of such filing, and

   c. it has not yet been two years from the date the IRS notified the taxpayer that such a claim has been disallowed via certified mailing.

39. Plaintiff Aztec is a taxpayer of the United States who has filed a claim for refund of its employment taxes imposed under Title 26 of $64,059.78 for its 3rd quarter of 2021 on or before January 9, 2024.

40. Defendant, the United States of America, via its nonparty agency, the IRS, has failed to issue the claimed refunds to the Plaintiff Aztec, and its only notice of claim disallowance was on October 30, 2024 for the 3rd quarter of 2021.

41. It has been longer than six months since the Plaintiff Aztec has filed the refund claims, and it has yet been two years from any claim disallowance notification.

42. Plaintiff Aztec is entitled to the credits and its claim for refund as claimed and identified in statement no. 39 above, including any additional interest it is entitled to under 26 U.S.C. § 6611.

43. Plaintiffs Aztec is further entitled to reasonable attorney's fees and legal costs associated with this cause of action pursuant to 26 U.S.C. § 7430.

44. Plaintiff Carmen is joined as a co-plaintiff in this action as a related entity to Plaintiff Aztec within a single aggregated employer pursuant to section 2301(d) of the CARES Act, as amended by section 207(a)(1) of the Relief Act, additionally amended by ARPA and IIJA, and finally codified in 26 U.S.C. § 3134(d).

\\

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs prays this Court orders the Defendant, United States:

- Issue refunds for Plaintiff Aztec claims for refund of taxes of $64,059.78.

- Issue additional refunds to Plaintiff Aztec for any interest entitled to it under 26 U.S.C. § 6611.

- Award Plaintiff Aztec reasonable attorney's fees and other legal costs permissible under 26 U.S.C. § 7430.

Dated:  October 31, 2025          Respectfully submitted,

*/s/   Justin H. DiLauro*
JUSTIN H. DILAURO, ESQ.
Sr. Tax Attorney and Owner/Manager
DiLauro Tax Law PLLC
9639 Hillcroft Street, Suite 844
Houston, Texas 77096
(888) 463-5829
(713) 456-2027 (fax)
JHD@DiLauroTaxLaw.com
US CFC, *admitted by verified application.*

Counsel for Plaintiffs
Aztec Restaurant Corporation and
Carmen Restaurant Corporation